UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RODNEY KINCAID,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

No. 3:19-cv-1735 (SRU)

## ORDER

Pursuant to 28 U.S.C. § 2255, Rodney Kincaid ("Kincaid") has filed a motion to vacate, set aside, or correct his sentence. For the following reasons, Kincaid's motion is **denied**.

**I.    Background**

Kincaid was arrested in April 2016, after he and several co-defendants had been indicted for conspiracy to distribute, and to possess with intent to distribute, large quantities of fentanyl. *See* Indictment, Doc. No. 18, *United States v. Petersen, et al.*, No. 3:16-cr-109 (SRU) (I will refer to that related criminal docket as "CR-ECF.")  In April 2017, Kincaid pleaded guilty, pursuant to a plea agreement, to a lesser-included offense of count one of that indictment, charging him with conspiracy to distribute, and to possess with intent to distribute, fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. *See* Min. Entry, CR-ECF Doc. No. 196; Plea Agreement, CR-ECF Doc. No. 197.

In that plea agreement, which was reached pursuant to Fed. R. Crim. P. 11(c)(1)(C),[1] the parties stipulated to Kincaid's Guidelines range. More particularly, the parties stipulated that

---

[1]    Pursuant to Rule 11(c)(1)(C), the parties may "agree that a specific sentence or sentencing range is the appropriate disposition of the case," and, if the court accepts that plea agreement, the agreement "binds the court" at sentencing.

Kincaid's base offense level was 20 and that, as relevant here, pursuant to U.S.S.G. § 3C1.2,[2] two levels would be added because Kincaid "created a substantial risk of death or seri[o]us bodily injury to another person in the course of fleeing from a law enforcement officer."[3] Plea Agreement, CR-ECF Doc. No. 197, at 4. (Because he got three points off for acceptance of responsibility, Kincaid's total offense level was 19.) "Based on an initial assessment," the parties also agreed that Kincaid's criminal history put him into Category VI. *Id.* The resultant Guidelines range was 63 to 78 months. *See id.* The parties agreed that "a sentence that includes a term of imprisonment within the range of 63-78 months, is a reasonable and appropriate sentence." *Id.* at 5.

Kincaid's plea agreement also included a waiver of Kincaid's right to appeal or collaterally attack his conviction and sentence. In that waiver, Kincaid agreed not to appeal or collaterally attack (1) his conviction "in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241," and (2) "the sentence imposed by the Court if that sentence does not exceed 78 months' imprisonment." *Id.* at 5–6. Kincaid "acknowledge[d] that he [wa]s knowingly and intelligently waiving" those rights. *Id.* at 6. The parties agreed that Kincaid was not precluded from "raising a claim of ineffective assistance of counsel in an appropriate forum." *Id.*

On August 21, 2017, I held a sentencing hearing and sentenced Kincaid to 66 months' imprisonment and three years' supervised release. *See* Min. Entry, CR-ECF Doc. No. 281;

---

[2] Pursuant to U.S.S.G. § 3C1.2, two points are added to a defendant's base offense level "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." In this case, both the plea agreement and the PSR acknowledged that this enhancement applied to Kincaid. *See* PSR, CR-ECF Doc. No. 236, at ¶ 5; Plea Agreement, CR-ECF Doc. No. 197, at 4.

[3] When law enforcement attempted to pull over Kincaid's car on the day of his arrest, Kincaid "took off and a pursuit ensued from New Britain into Newington." PSR, Doc. No. 236, at ¶ 14. After finally boxing him in, Kincaid "attempted to ram an officer with his car." *Id.* "The officer fired a shot which struck the hood of Mr. Kincaid's car." *Id.* "Mr. Kincaid then rolled out of his car and landed on the road," and he was taken into custody. *Id.* Kincaid contests the above characterization. *See id.*

Judgment, CR-ECF Doc. No. 301 (entered Sept. 13, 2017). The minute entry filed on the day of Kincaid's sentencing correctly explained that Kincaid would "receive credit for his federal sentence beginning on July 18, 2016, which will run concurrently to any other sentences he is serving." Min. Entry, CR-ECF Doc. No. 281, at 1. The judgment, filed a few weeks later, mistakenly indicated that Kincaid would receive credit for his federal sentence "beginning July 18, *2017*." Judgment, CR-ECF Doc. No. 301 (emphasis added). Following entry of that initial judgment, Kincaid did not file a notice of appeal.

On March 6, 2018, Kincaid's attorney brought to my attention the discrepancy between the minute entry and the judgment regarding whether Kincaid should receive credit for his federal sentence beginning in July 2016 or 2017. *See* Mot. to Resolve Sentencing Issue, CR-ECF Doc. No. 351. On April 20, 2018, I issued an amended judgment to correct the clerical error and to clarify that Kincaid should receive credit for his federal sentence beginning in 2016. *See* Am. Judgment, CR-ECF Doc. No. 356. Once again, following entry of that amended judgment, Kincaid did not file a notice of appeal. Instead, on November 4, 2019, Kincaid, proceeding *pro se*,[4] filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**II.    Discussion**

    A.    The Parties' Arguments

Kincaid's motion is titled a "motion to correct sentence." *See* Mot., Doc. No. 1, at 1. Kincaid claims that his "sentence was enhanced under USSG§4A1.1(d)[5] and USSG§3C1.2 in violation of the Eight [*sic*] Amendment." *Id.* In relevant part, Kincaid's motion asserts:

---

[4]    Because Kincaid is proceeding *pro se*, I construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[5]    Pursuant to U.S.S.G. § 4A1.1(d), two points are added to a defendant's criminal history category score "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole,

> Counsel failed to object to the enhancements applied to base level offence and to the Criminal History points applied during sentencing and to advise me of my Eight [*sic*] Amendment protection against cruel and unusual punishment. . . . Said prejudice amounted to ineffective assistance.

*Id.*

On May 26, 2020, the government filed an opposition. *See* Gov't Opp'n, Doc. No. 6. The government argues that Kincaid's petition "is barred by the one-year statute of limitations applicable to Section 2255 motions," no matter whether the one-year period is measured from the date when the first judgment or the amended judgment became final. *Id.* at 2, 4–5. Because there is no apparent reason why the one-year period should be equitably tolled, the government claims that that is the end of the story. *See id.* at 5–6.

    B.    <u>Evaluation</u>

As a preliminary matter, this motion is not moot, even though Kincaid has now been released from prison. On March 25, 2021, Kincaid was released from custody and began serving his three-year term of supervised release. *See Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited May 11, 2021). Kincaid's motion is not moot because individuals on supervised release are "in custody" within the meaning of 28 U.S.C. § 2255(a). *See Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994); *Mandarino v. Ashcroft*, 290 F. Supp. 2d 253, 257 (D. Conn. 2002) ("Petitioner is presently serving his term of supervised release. As such, he is deemed 'in custody' for purposes of § 2255.").

Even though Kincaid's motion is ripe, I need not consider it on the merits because I deny it for two independent, preliminary reasons. First, although the government does not raise the issue, in my view, Kincaid has waived his right to make this collateral attack. "A waiver of the

---

supervised release, imprisonment, work release, or escape status." In this case, Kincaid "committed the instant offense while on parole with the State of Connecticut," so two points were added to his criminal history score under section 4A1.1(d). *See* PSR, CR-ECF Doc. No. 236, at ¶ 45.

right to appeal or collaterally attack one's sentence is valid if it is 'knowing and voluntary.'" *Dolan v. United States*, 2009 WL 2852988, at *4 (D. Conn. Sept. 2, 2009) (quoting *United States v. Roque*, 421 F.3d 118, 122 (2d Cir. 2005)); *see also Rodriguez v. United States*, 2014 WL 4182492, at *3 (D. Conn. Aug. 21, 2014) ("The Second Circuit has repeatedly upheld the validity of appeal waivers in plea agreements, as barring both direct appeals and motions pursuant to § 2255, provided such waivers are 'knowing, voluntarily, and competently provided by the defendant.'") (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000)). When a prisoner has waived his right to appeal or collaterally attack his sentence, that prisoner might still be able to assert a claim for ineffective assistance of counsel, so long as "the claim concerns the advice the defendant received from counsel in connection with the process by which the waiver was obtained." *Rodriguez*, 2014 WL 4182492, at *3 (citing *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2009)).

Even construing Kincaid's *pro se* petition liberally (as I must), it does not assert an ineffective assistance of counsel claim relating to the "validity of the process by which the [appellate] waiver has been procured." *United States v. Cleveland*, 643 F. App'x 66, 67 (2d Cir. 2016) (quoting *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002)). To be sure, Kincaid mentions "ineffective assistance" once in his motion when he claims that "[c]ounsel failed to object to the enhancements applied to base level offence and to the Criminal History points applied during sentencing and to advise me of my Eight [*sic*] Amendment protection against cruel and unusual punishment." Mot., Doc. No. 1, at 1. That is the only time Kincaid mentions "ineffective assistance," though. In fact, it is the only time in his motion that Kincaid levels any kind of complaint against his lawyer. In my view, Kincaid's

complaint does not regard the validity of the process by which Kincaid entered into the plea agreement.

Relatedly, I am convinced that Kincaid knowingly and voluntarily entered into his plea agreement, which included the appellate waiver provision. In his plea agreement, Kincaid "acknowledge[d] that he [wa]s knowingly and intelligently waiving" his rights to appeal and to make a collateral attack. *See* Plea Agreement, CR-ECF Doc. No. 197, at 6. Kincaid was represented by CJA counsel throughout his plea negotiations. And, when I conducted Kincaid's change of plea hearing, before I accepted Kincaid's guilty plea, I questioned Kincaid and was satisfied that Kincaid's plea—including the waiver provisions in the plea agreement—was knowing and voluntary.[6] *See* Fed. R. Crim. P. 11(b)(1)(N).

In any event, regardless of whether Kincaid has waived his right to make this collateral attack, Kincaid is time-barred from bringing his motion, and no equitable reason exists to excuse the time-bar.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on habeas petitions filed under section 2255. *See* 28 U.S.C. § 2255(f). Absent exceptional circumstances, that one-year limitations period begins to run from "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1). When a petitioner did not file a direct appeal, the section 2255(f)(1) limitations period begins to run upon the expiration of the period for filing that appeal. *See Moshier v. United States,* 402 F.3d 116, 118 (2d Cir.

---

[6] Although the transcript from Kincaid's change of plea hearing is not available on the criminal case's public docket, I have reviewed a rough draft of that transcript. At Kincaid's change of plea hearing, the prosecutor explained the plea agreement's appeal waiver, and I reiterated the rights that Kincaid would be giving up in that appeal waiver. Kincaid indicated that he understood the appeal waiver and that it represented his voluntary agreement.

2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires.").

In this case, there are two possible dates on which the limitations period might have begun running because I filed both a judgment and an amended judgment, neither of which Kincaid appealed. I need not resolve which judgment gives rise to the correct "start" date. That is because, even assuming that the "start" date was the later of the two—that is, following the amended judgment—Kincaid's habeas petition is time-barred. The amended judgment was entered on April 20, 2018. *See* Am. Judgment, CR-ECF Doc. No. 356. Kincaid's notice of appeal was due 14 days later, by May 4, 2018. *See* Fed. R. App. P. 4(b)(1)(A). Taking May 4, 2018 as the "start" date for section 2255(f)(1)'s limitations period, the period ended on May 4, 2019. Kincaid did not file this habeas petition until November 4, 2019, which was six months too late.

Importantly, section 2255(f)(1)'s limitations period is subject to equitable tolling in appropriate cases. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001). "To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll." *Id.* (cleaned up). Such extraordinary circumstances have been found to exist where, *inter alia,* a corrections officer intentionally confiscated a prisoner's habeas petition shortly before the filing deadline, *see Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000), a state court failed to inform a prisoner that his petition for leave to appeal was denied, *see Diaz v. Kelly*, 515 F.3d 149, 154–55 (2d Cir. 2008), or when an attorney failed to file a habeas petition on behalf of a prisoner, despite explicit directions to do so, *see Baldayaque v. United States*, 338 F.3d 145, 150–53 (2d Cir.

2003). Finally, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

Put simply, Kincaid has not mentioned any reason—let alone an extraordinary one—that might justify his late filing. The only time Kincaid mentions the lateness of his filing is to say: "If a time bar problem exhist, Article 1, Section 9, Clause 2, of the United States Constitution reads, 'the privilage of Writ of Habeas Corpus shall not be suspended;' barred, rendering §2255(F) nonapplicable and/or unconstitutional." Mot., Doc. No. 1, at 3. Perhaps Kincaid is challenging the constitutionality of AEDPA.[7] But he certainly does not provide an explanation why his filing was late or why it should be accepted, even if late. Finally, Kincaid does not argue that he is actually innocent of the crime of his conviction. In contrast, Kincaid's arguments are legal: They concern the purported unfairness of his sentence. Thus, Kincaid's motion is time-barred.

### III.  Conclusion

For the foregoing reasons, Kincaid's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence, doc. no. 1, is **denied**. Kincaid's other two pending motions—a motion for "emergency summary judgment," doc. no. 4, and an "emergency motion for default judgment," doc. no. 7—are also **denied** because they have no merit. The Clerk is instructed to enter judgment for the respondent—the United States—and to close the case.

---

[7] AEDPA's procedural bars are constitutional. *See Felker v. Turpin*, 518 U.S. 651, 663–64 (1996) (holding that AEDPA's limitations on second habeas petitions "do not amount to a 'suspension' of the writ contrary to Article I, § 9" because "the power to award the writ by any of the courts of the United States[] must be given by written law," and "judgments about the proper scope of the writ are normally for Congress to make") (cleaned up); *see also In re Vial*, 115 F.3d 1192, 1197–98 (4th Cir. 1997) (*en banc*) (applying *Felker*'s reasoning in a case involving second and successive habeas petition brought by federal prisoner pursuant to section 2255).

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of May 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
